**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
━━━━━━━━━━━━━━━━━━━━━━━━━━━

**UNITED STATES OF AMERICA,**

                              **Plaintiff,**

 **v.**

                                                              **21-CR-44V**
**ZACHARY T. FEETERMAN,**

                              **Defendant.**
━━━━━━━━━━━━━━━━━━━━━━━━━━━

## REPORT, RECOMMENDATION AND ORDER

        This case was referred to the undersigned by the Hon. Lawrence J.

Vilardo, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and

report upon dispositive motions.

## PRELIMINARY STATEMENT

        The defendant, Zachary Feeterman ("the defendant"), is charged in an

indictment with having violated Title 18 U.S.C. §§ 2252A(a)(A) and 2252A(b)(1) (Count

1) and 2252A(a)(5)(B) and 2252A(b)(2) (Count 2).   Dkt. #25.   He filed a motion

seeking to have the indictment herein dismissed "under speedy trial grounds" and his

"Sixth Amendment right to a speedy trial."   Dkt. #35, pp. 52-54, ¶s 139-148.   The

government has filed its opposition to this motion.   Dkt. #37.

**DISCUSSION AND ANALYSIS**


In support of his motion to dismiss the indictment based on his claims under the Speedy Trial Act ("STA") and the Sixth Amendment to the United States Constitution ("the Sixth Amendment"), the defendant has filed an affidavit wherein he asserts that "while [he] was represented by an assigned attorney, [his] case was adjourned on numerous occasions without [his] consent."   Dkt. #35-1, p. 4, ¶ 16.   As a result, he claims that his "speedy trial rights were violated."   For the reasons hereinafter stated, this claim of the defendant is rejected.


I have taken the liberty of sacrificing brevity in recommending denial of the defendant's motion by setting forth in detail the procedural history of this case as it relates to the defendant's claim of having been denied his right to a speedy trial by setting forth the numerous court docket entries relating to this issue.


The defendant first appeared before this Court in response to a Criminal Complaint that had been filed against him on October 11, 2019.   Thereafter, the relevant procedural history occurred as now set forth.

10/16/2019 - Minute Entry: Defendant waived preliminary hearing. Court issued conditional order of dismissal without prejudice pursuant to Rule 48(b) of the Fed. R. Crim. P. to become effective 2/28/2020. Time excluded from 10/16/2019 to 2/28/2020 for purposes of the Speedy Trial Act, Rule 5.1 of the Fed. R. Crim. P. pursuant to Title 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv).

2/21/2020 (Dkt. #7) MOTION to Adjourn the Rule 48(b) Dismissal Date for Sixty (60) Days by Zachary Feeterman. (Comerford, Brian) [1:19-mj-00180-HKS] (Entered: 02/21/2020)

> 3.   At the outset of this case, the Court set a 48b date that gave a generous amount of time to the parties to review discovery and work toward a resolution.  Since then the defense has reviewed discovery with a forensic expert on multiple occasions, and met with Mr. Feeterman to discuss this case. Defense counsel also expressed a concern to the Court that if this case was indicted Mr. Feeterman would likely face a 15-year minimum, and we hoped to obtain a plea to a charge with a 10-year minimum. Today, February 21, 2020, the Government provided that approved plea to defense counsel.  I now need additional time to meet with Mr. Feeterman at the Chautauqua County Jail and review this plea before he decides whether to accept it.  For this reason, I respectfully request that the Court adjourn the Rule 48b date by 60 days, so that I have sufficient time to review the plea with Mr. Feeterman, discuss it with him and his family, and if he is inclined, schedule a plea proceeding before Judge Sinatra, who has been assigned to this case.

2/25/2020 (Dkt. #8) TEXT ORDER granting 7 Motion to Adjourn Rule 48(b) Dismissal as to Zachary Feeterman (1). The Criminal Complaint shall be dismissed without prejudice pursuant to Rule 48(b) of the Fed. R. Crim. P. effective 4/30/2020. The time from 2/28/2020 to 4/30/2020 is excluded for purposes of the Speedy Trial Act and Rule 5.1 of the Fed. R. Crim. P. pursuant to Title 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv). SO ORDERED. Issued by the Hon. H. Kenneth Schroeder Jr. on 2/25/2020.(LMG) [1:19-mj-00180-HKS] (Entered: 02/25/2020)

3

4/27/2020 (Dkt. #9) MOTION to Adjourn Rule 48(b) Dismissal Date for Sixty (60) Days by Zachary Feeterman. (Comerford, Brian) [1:19-mj-00180-HKS] (Entered: 04/27/2020)]

> 3.   The Government has provided a plea agreement which I am in the process of reviewing with Mr. Feeterman.  Additionally, he has requested that I obtain records concerning his previous state court conviction.  Due to the ongoing pandemic, I have not been able to meet with Mr. Feeterman in person at the jail.  While we have been able to speak on the phone, I intend to meet with him and review the plea in more detail when visiting restrictions are lifted.  Mr. Feeterman has agreed that we need additional time to review the plea and seek information about his prior conviction.

4/27/2020 (Dkt. #11) TEXT ORDER granting 9 Motion to Adjourn Rule 48(b) Dismissal as to Zachary Feeterman (1). The Criminal Complaint shall be dismissed without prejudice pursuant to Rule 48(b) of the Fed. R. Crim. P. effective 6/30/2020. The time from 4/30/2020 to 6/30/2020 is excluded for purposes of the Speedy Trial Act and Rule 5.1 of the Fed. R. Crim. P. pursuant to Title 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv). SO ORDERED. Issued by the Hon. Hon. H. Kenneth Schroeder Jr. on 4/27/2020.(LMG) [1:19-mj-00180-HKS] (Entered: 04/27/2020)

6/25/2020 (Dkt. #13) MOTION to Adjourn Rule 48(b) Dismissal Date for Sixty (60) Days, by Zachary Feeterman. (Comerford, Brian) [1:19-mj-00180-HKS] (Entered: 06/25/2020)

> 3.   The defense is presently investigating potential issues relating to Mr. Feeterman's prior misdemeanor conviction, which may likely expose Mr. Feeterman to a mandatory minimum sentence if he is convicted.  We are also in the process of discussing a plea agreement with the Government, and they have provided an approved plea which Mr. Feeterman and I have reviewed.  We need additional time to finalize the plea, and confirm details concerning Mr. Feeterman's prior conviction.

6/25/2020 (Dkt. #14) TEXT ORDER granting 13 Motion to Adjourn Rule 48(b) Dismissal as to Zachary Feeterman (1). The Criminal Complaint shall be dismissed without prejudice pursuant to Rule 48(b) of the Fed. R. Crim. P. effective 8/31/2020. The time from 6/30/2020 to 8/31/2020 is excluded for purposes of the Speedy Trial Act and Rule 5.1 of the Fed. R. Crim. P. pursuant to Title 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv). SO ORDERED. Issued by the Hon.

Hon. H. Kenneth Schroeder Jr. on 6/25/2020.(LMG) [1:19-mj-00180-HKS] (Entered: 06/25/2020)

8/24/20 (Dkt. #15) Fourth MOTION to Adjourn Rule 48(b) Dismissal Date for Forty-five (45) Days. by Zachary Feeterman. (Comerford, Brian) [1:19-mj-00180-HKS] (Entered: 08/24/2020)

> 3.   The Government has provided a plea agreement to defense counsel, and I have discussed it with Mr. Feeterman.  I need additional time to finalize this agreement before asking for a plea date before the District Court.  I intend to meet with Mr. Feeterman tomorrow, August 25, 2020, at the Chautauqua County Jail, and discuss any modifications we are seeking to the plea agreement.

8/25/2020 (Dkt. #16) TEXT ORDER granting 15 Motion to Adjourn Rule 48(b) Dismissal Date as to Zachary Feeterman (1). The Criminal Complaint shall be dismissed without prejudice pursuant to Rule 48(b) of the Fed. R. Crim. P. effective 10/16/2020. The time from 8/31/2020 to 10/16/2020 is excluded for purposes of the Speedy Trial Act and Rule 5.1 of the Fed. R. Crim. P. pursuant to Title 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv). SO ORDERED. Issued by the Hon. Hon. H. Kenneth Schroeder Jr. on 8/25/2020. (LMG) [1:19-mj-00180-HKS] (Entered: 08/25/2020)

10/09/2020 (Dkt. #17) MOTION to Adjourn Rule 48(b) Dismissal Date for Thirty (30) Days, by Zachary Feeterman. (Comerford, Brian) [1:19-mj-00180-HKS] (Entered: 10/09/2020)

> 3.  Since the last adjournment, I have met with Mr. Feeterman at the Chautauqua County Jail and reviewed electronic discovery that was provided by the Government.  Mr. Feeterman has raised a concern regarding the correct disposition of his prior conviction in Erie County Court.  I have ordered the records from Erie County Court to investigate this disposition.  The Government has offered Mr. Feeterman a plea (which will be withdrawn if the case is indicted).  We need additional time to investigate his prior state conviction, and for Mr. Feeterman to make a decision on the proposed plea.

> 4.  I do not intend on seeking any additional Rule 48(b) adjournments, unless the case is scheduled for a proceeding before the District Judge.

5

10/09/2020 (Dkt. #18)    TEXT ORDER granting 17 Motion to Adjourn Rule 48(b) Dismissal Date as to Zachary Feeterman (1). The Criminal Complaint shall be dismissed without prejudice pursuant to Rule 48(b) of the Fed. R. Crim. P. effective 11/20/2020. The time from 10/16/2020 to 11/20/2020 is excluded for purposes of the Speedy Trial Act and Rule 5.1 of the Fed. R. Crim. P. pursuant to Title 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv). SO ORDERED. Issued by the Hon. Hon. H. Kenneth Schroeder Jr. on 10/9/2020.(LMG) [1:19-mj-00180-HKS] (Entered: 10/09/2020)

11/13/2020 (Dkt. #19) MOTION to Adjourn Rule 48(b) Dismissal Date for Sixty (60) Days by Zachary Feeterman. (Comerford, Brian) [1:19-mj-00180-HKS] (Entered: 11/13/2020)

> 2.    This case is scheduled for a Rule 48(b) dismissal date on November 20, 2020.

> 3.    I respectfully request that the Court adjourn this date for sixty (60) days. The Government has proposed an alternative plea that may resolve this case. The parties need time to put this agreement in writing. I will then review it with Mr. Feeterman and request a plea date before the District Court.

11/13/2020 (Dkt. #20) TEXT ORDER granting 19 Motion to Adjourn Rule 48(b) Dismissal Date as to Zachary Feeterman (1). The Criminal Complaint shall be dismissed without prejudice pursuant to Rule 48(b) of the Fed. R. Crim. P. effective 1/22/2021. The time from 11/20/2020 to 1/22/2021 is excluded for purposes of the Speedy Trial Act and Rule 5.1 of the Fed. R. Crim. P. pursuant to Title 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv). SO ORDERED. Issued by the Hon. Hon. H. Kenneth Schroeder Jr. on 11/13/2020.(LMG)[1:19-mj-00180-HKS] (Entered: 11/13/2020)

1/15/2021 (Dkt. #21) Seventh MOTION to Adjourn Rule 48(b) Dismissal Date for Thirty (30) Days by Zachary Feeterman. (Comerford, Brian) [1:19-mj-00180-HKS] (Entered: 01/15/2021)
Dkt.#21

> 2. This case is scheduled for a Rule 48(b) dismissal date on January 22, 2021.

> 3. I respectfully request that the Court adjourn this date for thirty (30) days.

4. The government has offered a favorable plea to Mr. Feeterman. I have discussed it with him over the phone but need time to review it with him in person. Presently there is an outbreak of Covid at the Chautauqua county jail. I would like to wait before scheduling an in-person meeting with him. For all of these reasons I respectfully request that the court adjourn the rule 48b date.

1/15/2021 (Dkt. #22) TEXT ORDER granting 21 Motion to Adjourn Rule 48(b) Dismissal Date as to Zachary Feeterman (1). The Criminal Complaint shall be dismissed without prejudice pursuant to Rule 48(b) of the Fed. R. Crim. P. effective 2/26/2021. The time from 1/21/2021 to 2/26/2021 is excluded for purposes of the Speedy Trial Act and Rule 5.1 of the Fed. R. Crim. P. pursuant to Title 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv). SO ORDERED. Issued by the Hon. Hon. H. Kenneth Schroeder Jr. on 1/15/2021.(LMG) [1:19-mj-00180-HKS] (Entered: 01/15/2021)

2/17/2021 (Dkt. #23) Eighth MOTION to Adjourn 48(b) Dismissal Date for Thirty (30) Days by Zachary Feeterman. (Comerford, Brian) [1:19-mj-00180-HKS] (Entered: 02/17/2021)

2. This case is scheduled for a Rule 48(b) dismissal date on February 26, 2021.

3. Because of the ongoing pandemic, and an outbreak at Chautauqua county jail where the defendant is being held, I have not been able to meet with him in person for some time. I want to meet with him before the case is indicted and discuss any issues that maybe outstanding. I have discussed this request with Mr. Feeterman, and he has no issue with our requesting this adjournment

2/17/2021 (Dkt. #24) TEXT ORDER granting 23 Motion to Adjourn Rule 48(b) Dismissal Date as to Zachary Feeterman (1). The Criminal Complaint shall be dismissed without prejudice pursuant to Rule 48(b) of the Fed. R. Crim. P. effective 3/26/2021. The time from 2/26/2021 to 3/26/2021 is excluded for purposes of the Speedy Trial Act and Rule 5.1 of the Fed. R. Crim. P. pursuant to Title 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv). SO ORDERED. Issued by the Hon. Hon. H. Kenneth Schroeder Jr. on 2/17/2021.(LMG) [1:19-mj-00180-HKS] (Entered: 02/17/2021)

3/24/2021 (Dkt. #25) Indictment filed.

3/26/2021 Minute Entry: Defendant arraigned on indictment. Defendant advised the Court that he recently sent the Court a letter requesting assignment of new counsel and expressing speedy trial concerns. Court determined that a new attorney will need to be assigned to represent defendant. Attorney Assignment Hearing set for 4/7/2021 at 02:30 PM before the Hon. H. Kenneth Schroeder Jr. The proceeding will be held remotely by videoconference. Instructions on how to connect to the proceeding will be e-mailed to counsel. Public access may be obtained by contacting Judge Schroeder's chambers at 716-551-187. Issuance of Scheduling Order held in abeyance.

Time from 3/26/2021 to 4/7/2021 excluded for purposes of the Speedy Trial Act pursuant to Title 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv).


4/7/2021 Minute Entry for proceedings held before Hon. H. Kenneth Schroeder Jr.: Attorney Appointment Hearing as to Zachary T. Feeterman held remotely by videoconference on 4/7/2021.

Defendant consented to proceeding being held remotely by videoconference via Zoom for Government.

Court assigned attorney Herbert Greenman to represent defendant and relieved AFPD Brian Comerford as counsel of record.

Dates established for the issuance of a Scheduling Order. Time excluded from 4/7/2021 to 5/14/2021 for purposes of the Speedy Trial Act pursuant to Title 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv). Defendant advised that he understands and consents to the exclusion of time. Defendant remains in custody.

5/13/2021 (Dkt. #33) MOTION for Extension of Time to File *Motions* by Zachary T. Feeterman. (Greenman, Herbert) (Entered: 05/13/2021)

> HERBERT L. GREENMAN, ESQ., being duly sworn, deposes and says:
> 1)  I am the attorney for the defendant Zachary Feeterman.
>
> 2) Your deponent was appointed to represent Mr. Feeterman on April 7, 2021.   At that time, United States Magistrate Judge H. Kenneth Schroeder issued an Order that motions should be filed by May 14, 2021 and any responses would be due from the government by May 28, 2021. Oral argument is scheduled for June 4, 2021.

3) I am respectfully requesting that I be given a brief continuance in terms of the time within which to file the defense motions until May 17, 2021, 3 additional days.

4) Mr. Feeterman is incarcerated at the Chautauqua County Jail and I cannot meet with him until later Friday evening to review the motions and have him sign the appropriate affidavit.

5) Therefore, I am respectfully requesting that I be given until May 17, 2021 within which to file the motions.

7) The parties agree that the speedy trial time should be excluded from May 14, 2021 until May 17, 2021 on the basis that the interest of the defendant and the community in a speedy disposition is outweighed by this request.

5/13/2021 (Dkt. #34) TEXT ORDER granting 33 Motion for Extension of Time to 5/17/2021 to File Pretrial Motions as to Zachary T. Feeterman (1). The time from 5/14/2021 to 5/17/2021 is excluded for purposes of the Speedy Trial Act pursuant to Title 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv). SO ORDERED. Issued by the Hon. H. Kenneth Schroeder Jr. on 5/13/2021.(LMG) (Entered: 05/13/2021)

All of the delays and exclusion of time were the result of formal motion requests made by defense counsel on behalf of the defendant and for his benefit. During this referenced time period as set forth above, the government did not make any requests to delay the proceedings; nod did it cause any delays to occur.

## A.  Alleged Speedy Trial Act Violation

The defendant claims that his "case was adjourned on numerous occasions without [his] consent" and "as a consequence, we [defense counsel and the defendant] ask that the Court grant his motion to dismiss the indictment under speedy trial grounds."   Dkt. #35-1, p. 4, ¶ 16; Dkt. #35, pp. 53-54, ¶ 144.   This claim is lacking in legal merit and rejected by this Court.

The Court of Appeals for the Second Circuit has expressly stated:

We therefore hold that, pursuant to 18 U.S.C. § 3161(h)(7)(A), a district court may grant a continuance sought by counsel without the consent of the defendant so long as the district court determines that the ends of justice would be served based upon its analysis of the factors articulated in  18 U.S.C. § 3161(h)(7)(B)  and sets forth its reasons on the record. The time period covered by the court's order granting such a continuance would therefore be excluded from the computation of the defendant's seventy-day STA period. In so holding, we agree with other courts of appeals considering similar challenges under the STA. *See, e.g.,  United States v. Gates,* 709 F.3d 58, 65 (1st Cir.2013) ("[A] defendant's lawyer may seek a continuance and the concomitant exclusion of time for STA purposes without first securing the defendant's personal consent."); *United States v. Herbst,* 666 F.3d 504, 510 (8th Cir.2012) ("We agree with the Sixth Circuit that the plain language of section 3161(h)(7)(A)  'does not require a defendant's consent to the continuance if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.' " *(quoting  Sobh,* 571 F.3d at 603)) (internal quotation marks omitted); *United States v. Daychild,* 357 F.3d 1082, 1094-95 (9th Cir. 2004) (holding that the district court properly excluded time under the STA arising from a request for a continuance made by the defendant's counsel without the defendant's knowledge or consent); *United States v. Bryant,*

134 F.3d 364, 1998 WL 39393, at *3 (4th Cir.1998) (unpublished disposition) (per curiam) (reasoning that making the defendant's consent necessary to allow a continuance to be effective for STA purposes "would put the district court in the precarious position of having to determine whether a defendant's legal counsel or the defendant himself is actually speaking for a defendant"); *see also United States v. Fields*, 39 F.3d 439, 443 (3d Cir. 1994) (Alito, J.) ("The defendant's arguments are disturbing because he would have us order the dismissal of his indictment based on continuances that his own attorney sought."). As such, the district court did not err in granting Murray's request for a continuance despite the absence of consent by Lynch, and so it properly excluded the period covered by the continuance from Lynch's STA period.

*United States v. Lynch*, 726 F.3d 346, 356 – 357 (2d Cir. 2013); *See also*

*United States v. Stewart*, 628 F.3d 246, 253-254 (6th Cir. 2010).


        The motions filed by the defendant's first assigned counsel clearly stated the reasons as to why additional time was being requested, which reasons, when viewed and considered by this Court, satisfied the "interests of justice" or "ends of justice" factors contained in 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv).   As a result, the exclusions of time for purposes of the Speedy Trial Act requirements was legally valid and justified notwithstanding the defendant's claim of lack of consent for such extensions and exclusions and this Court's finding of same was expressly referenced by its citations to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv) in each of the aforesaid docket entries.   Therefore, it is recommended that defendant's motion to dismiss the indictment based on a claim of violation of the Speedy Trial Act be in all respects denied.

11

**B.   Defendant's Claim of a Sixth Amendment Violation**

The defendant asserts that his "Sixth Amendment right to a speedy trial was also violated."   Dkt. #35, p. 54, ¶ 145.   He bases this claim on the fact that he "has been incarcerated for the duration of the charges which are pending against him" and because he has been "exposed to Covid-19 in closed settings" which require that the indictment against him be dismissed.   Dkt. #35, p. 54, ¶s 145-148.

The Sixth Amendment states that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial."   U.S. Constitution, Amend. VI.

In *Baker v. Wingo*, 407 U.S. 514 (1972), the United States Supreme Court established four factors that need be considered in deciding whether a defendant's right to a speedy trial under the Sixth Amendment has been violated.   These four factors are as follows:   (1) "length of delay;"   (2) "the reason for the delay;" (3) "the defendant's assertion of his right;" and (4) "prejudice to the defendant."   *Id*. at 530; *United States v. Black*, 918 F.3d 243 (2d Cir. 2019).   The length of delay raised in the defendant's motion was for a period of approximately seventeen months, *i.e.,* October 19, 2019 to March 24, 2021.   It is pointed out that the period of October 19, 2019 up to March 24, 2021 related solely to a pending Criminal Complaint against the defendant and

12

representation by first assigned counsel.   The defendant was indicted on March 24,

2021 (Dkt. #25) and new counsel assigned in response to defendant's request on

April 7, 2021.

This seventeen-month period of delay under the four-factor test is

sufficient to presumptively create prejudice to the defendant.   In doing so, the Court is

required to analyze the effect of the remaining three factors.   However, "closely related

to length of delay" is the "reason for the delay."   *Barker* at 531.   The entire delay by

reason of extensions of time during the period October 19, 2019 to March 24, 2021 was

created or caused by the defendant through his defense counsel and the effects of the

Covid 19 pandemic.   As the defendant's motion of February 21, 2020 clearly

establishes, it was to the benefit of the defendant to keep the case from being indicted

wherein defense counsel states:

> 3. At the outset of this case, the Court set a 48b date that
> gave a generous amount of time to the parties to review
> discovery and work toward a resolution. Since then the
> defense has reviewed discovery with a forensic expert on
> multiple occasions, and met with Mr. Feeterman to discuss
> this case. Defense counsel also expressed a concern to the
> Court that if this case was indicted Mr. Feeterman would
> likely face a 15-year minimum, and we hoped to obtain a
> plea to a charge with a 10-year minimum. Today, February
> 21, 2020, the Government provided that approved plea to
> defense counsel. I now need additional time to meet with Mr.
> Feeterman at the Chautauqua County Jail and review this
> plea before he decides whether to accept it. For this reason,
> I respectfully request that the Court adjourn the Rule 48b
> date by 60 days, so that I have sufficient time to review the
> plea with Mr. Feeterman, discuss it with him and his family,

and if he is inclined, schedule a plea proceeding before
Judge Sinatra, who has been assigned to this case.

Dkt. #7.

By delaying the return of an indictment, the defendant was given a

substantial benefit, *i.e.*, a possible lesser sentence of incarceration pursuant to a

negotiated plea agreement with the government.

This same defense objective continued throughout the entire period of

October 19, 2019 until March 24, 2021 when the defendant was arraigned on the

indictment herein.   That beneficial objective clearly eliminated any claim of prejudice

suffered by the defendant during that entire time period under the first factor as well as

the fourth factor enunciated in *Barker, supra*.   Up until the return of the indictment, the

defendant was in a position to negotiate a plea that would allow for a lesser sentence

than what he would receive if he were indicted and convicted.   Dkt. #7, p. 2, ¶ 3.

Furthermore, the defendant directed his assigned attorney to "obtain

records concerning his state court conviction" (Dkt. #9, p. 2, ¶ 3) which task defense

counsel undertook and which required additional time to complete since such "prior

misdemeanor conviction may likely expose [the defendant] to a mandatory minimum

sentence if he is convicted."   (Dkt. #13, p. 2, ¶ 3).   The defendant also "raised a

concern regarding the correct disposition of his prior conviction in Erie County Court"

which required defense counsel to conduct further investigation on the issue in order to

14

effectuate the defendant's constitutional right to have effective assistance of counsel. (Dkt. #17, p. 2, ¶ 3).

Lastly, the Covid-19 pandemic greatly impeded counsel from meeting with the defendant to discuss plea negotiations because the defendant was confined in a facility that was placed in a quarantine lockdown.   *See* Dkt. #21, p. 2, ¶ 3 and Dkt. #23, p. 2, ¶ 3.   Obviously, neither defense counsel nor the government can be held responsible for the Covid-19 pandemic and the delays it caused in our system of jurisprudence.   The Covid-19 pandemic caused the U.S. District Court for the Western District of New York to issue a General Order on March 18, 2020 wherein criminal jury trials were "CONTINUED," which Order was renewed on May 13 and June 15, 2020. These Orders expressly stated that the time period covered in the orders was "EXCLUDED under the STA, as the Court specifically finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and each defendant in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A)."   On December 8, 2020, the Chief Judge of the District issued a General Order wherein all criminal trials were "continued until February 24, 2021 and that time period was "excluded under the Speedy Trial Act as the Court specifically [found] that the ends of justice served by ordering the continuances outweigh the best interests of the public and each defendant in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A."   This Order was renewed on February 24, 2021 and again on April 23, 2021.

## **CONCLUSION**

Based on the foregoing, there is no doubt as far as this Court is concerned that the original assigned defense counsel acted diligently and professionally throughout the period of October 16, 2019 to March 24, 2021 in order to provide effective assistance of counsel to the defendant, that being defendant's constitutional right under the Sixth Amendment.   These efforts were expended by defense counsel at the behest of and on behalf of the defendant in order to save the defendant from an indictment charging him with a crime that, if convicted, would subject him to a substantially greater period of incarceration than what was being negotiated with the government under the Criminal Complaint.   If an agreement had been reached, the "ends of justice" would have been served since there would have been a conviction obtained without the necessity of having public funds and resources expended in conducting a trial and possible appeal.   Therefore, it is recommended that the defendant's motion to dismiss the indictment based on a claimed denial of his right to a speedy trial be in all respects denied.

It is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.   *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**   *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and

17

the basis for such objection and shall be supported by legal authority."   **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

DATED:      Buffalo, New York
            November 2, 2022


                                   *S/ H. Kenneth Schroeder, Jr.*
                                   **H. KENNETH SCHROEDER, JR.**
                                   **United States Magistrate Judge**