UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

    v.

ZACHARY FEETERMAN,

        Defendant.

21-CR-44-LJV
DECISION & ORDER

_____

The defendant, Zachary Feeterman, has twice moved to dismiss the charges against him based on alleged violations of his right to a speedy trial. He first raised the issue in a motion filed on May 17, 2021, before United States Magistrate Judge H. Kenneth Schroeder, Jr., arguing largely that his rights were violated by pre-indictment delay. *See* Docket Item 35 at 52-54. Then, after Judge Schroeder recommended to this Court that the motion be denied, Docket Item 79, Feeterman objected to that recommendation, also arguing that subsequent post-indictment delay exacerbated the speedy trial violations, *see* Docket Items 88 and 101.

Those objections, as well as what this Court deems to be a renewed motion to dismiss based on both pre-indictment and post-indictment delay, are now before this Court. Although Feeterman's motion raises significant issues and is a close call, it is denied.

## **BACKGROUND**

Feeterman was indicted for receiving child pornography after a prior conviction related to sexual misconduct (18 U.S.C. § 2252A(a)(2)(A) and 2252A(b)(1)) and for

possessing child pornography involving a prepubescent minor after a prior conviction related to sexual misconduct (18 U.S.C. § 2252A(a)(5)(B) and 2252A(b)(2)).  Docket Item 25.  On May 17, 2021, he filed omnibus pretrial discovery motions; motions to suppress his statements and evidence seized pursuant to a warrantless search and a search with a warrant; and a motion to dismiss based on speedy trial violations.  Docket Item 35.  The government responded on May 28, 2021, Docket Item 37, and Feeterman replied on June 3, 2021, Docket Item 38.

On June 4, 2021, Judge Schroeder, to whom this case had been referred, heard oral argument and scheduled an evidentiary hearing on Feeterman's motions to suppress.  *See* Docket Item 39; Docket minute entry June 4, 2021.  Following the evidentiary hearing—which spanned three days—and the filing of post-hearing memoranda, Judge Schroeder issued his Report, Recommendation and Order on July 7, 2022, recommending that Feeterman's motions to suppress, Docket Item 35, be denied.[1]  Docket Item 69.

That Report, Recommendation and Order did not address Feeterman's motion to dismiss the indictment based on speedy trial violations.  *See id.*  On November 2, 2022, Judge Schroeder issued a separate Report, Recommendation and Order on that motion

---

[1] Feeterman filed objections to Judge Schroeder's July 7, 2022 Report, Recommendation and Order.  Docket Items 70 and 74.  After the government responded on September 2, 2022, Docket Item 75, and Feeterman did not file a reply, this Court heard oral argument on October 19, 2022, *see* Docket Item 77.  Both parties then filed supplemental briefing requested by the Court, Docket Items 80 and 87, and the Court heard further argument on January 3, 2023, *see* Docket Item 94.  On January 6 and 9, 2023, the parties submitted additional memoranda about whether an issue had been preserved for the Court's review.  Docket Items 95 and 96.  On February 8, 2023, this Court issued its Decision and Order denying Feeterman's motion to suppress his statements, his cell phone, and the contents of that cell phone.  Docket Item 105.

(the "RR&O"), Docket Item 79—the one at issue here.  Feeterman then objected to the RR&O, Docket Item 88; the government responded, Docket Item 91; and this Court heard oral argument on January 3, 2023, Docket Item 94.

Because Feeterman raised issues at oral argument that had not been addressed in the papers, further submissions relating to his objections were filed on January 23 and 26, 2023, Docket Items 101 and 102, and further oral argument was held on February 16, 2023, Docket Item 106.  Following oral argument, Feeterman was given permission to file a supplemental memorandum of law, and he filed that submission on February 27, 2023, Docket Item 110; on March 6, 2023, the government responded, Docket Item 111, and the issue became ripe for decision.

## LEGAL PRINCIPLES

A district court may accept, reject, or modify the findings or recommendation of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

This Court has carefully and thoroughly reviewed the RR&O, the objections, the response, the supplemental submissions, and the materials submitted to Judge Schroeder.  Based on that *de novo* review and for the reasons that follow, this Court accepts Judge Schroeder's recommendation and denies the motion to dismiss the indictment.  And this Court likewise denies what it deems to be Feeterman's renewed motion to dismiss based on post-indictment delay, an issue that was not before Judge Schroeder.

# FACTS

## I.    CRIMINAL COMPLAINT

On October 10, 2019, Feeterman was charged in a criminal complaint with possessing child pornography after a prior conviction related to sexual misconduct (18 U.S.C. § 2252A(a)(5)(B) and 2252A(b)(2)).  Docket Item 1.  He made his initial appearance before Judge Schroeder on October 11, 2019, and the government moved for detention.  Docket minute entry October 11, 2019.  After Feeterman's attempt to retain counsel was unsuccessful, he asked that counsel be assigned, and Judge Schroeder scheduled an attorney appointment hearing and a detention hearing for October 16, 2019.  Docket minute entry October 15, 2019.  On October 16, 2019, an Assistant Federal Public Defender was assigned to represent Feeterman, Docket Item 44 at 6-7, and Judge Schroeder granted the government's motion for detention, *id*. at 23.

Following the detention hearing, Feeterman was reluctant to waive a preliminary hearing, in part because of Judge Schroeder's practice not to use Federal Rule of Criminal Procedure 48(b) to schedule a dismissal date for the criminal complaint and thereby extend the government's time to indict.  *Id*. at 23-25.  Feeterman was concerned about preserving the possibility of a plea to a crime with a 10-year mandatory minimum, rather than having to plead to one with a 15-year mandatory minimum as might be required if the government were forced to seek an indictment.[2]

---

[2] Because Feeterman has a prior conviction related to sexual misconduct, he faced a 10-year mandatory minimum on the possession of child pornography count charged in the criminal complaint.  If the government were forced to indict him for his actual criminal conduct—receipt of child pornography—however, he would face a 15-

*Id*.  In other words, Feeterman did not want to force the government's hand because of the lapse of time.  So at Feeterman's request, Judge Schroeder agreed to treat Feeterman's case as exceptional.  *Id*. at 25.

Judge Schroeder therefore scheduled a Rule 48(b) dismissal date extending the government's deadline to indict as well as the deadline to conduct a preliminary hearing under Rule 5.1, and he excluded time under the Speedy Trial Act.  *See* Docket Minute entry October 16, 2019.  That would give Feeterman and his counsel an opportunity to negotiate a possible resolution before the case was presented to a grand jury.  *See* Docket Item 44 at 25.  In granting Feeterman's request, Judge Schroeder stated,

> Well, I'm certainly understanding of your position, and I'm agreeable to addressing the issues in an orderly but also compassionate way.  I'm willing to treat this case as an exceptional case, and I'm willing to invoke the provisions of Rule 48(b) of the Federal Rules of Criminal Procedure.  But I also want to make clear to both sides that when I do establish the time period, absent meritorious reasons, I'm not going to give extensions.  And so it's going to be necessary for the parties to move diligently in trying to resolve this.

*Id*. at 25-26.  So Judge Schroeder departed from his then-standard practice and set a Rule 48(b) deadline of February 28, 2020; Feeterman, in turn, consented to the exclusion of time under the Speedy Trial Act and waived his right to a preliminary hearing under Rule 5.1.  *Id*. at 29-32.  A written speedy trial order excluding time was filed on October 17, 2019.  Docket Item 4.

---

year mandatory minimum and lose the ability to plead to a 10-year mandatory minimum.  *See* Docket Item 44 at 23.

## II.    RULE 48(b) DEADLINE EXTENSIONS

Feeterman's counsel then filed eight motions to adjourn the Rule 48(b) dismissal date.  Docket Items 7, 9, 13, 15, 17, 19, 21, and 23.  In each motion, Feeterman's counsel explained the status of the case and agreed that the Speedy Trial Act time should be excluded, or words to that effect.  *Id*.  Despite his admonition at the detention hearing that he would not grant extensions, Judge Schroeder granted each of the eight motions by text order, each one setting a new Rule 48(b) dismissal date, stating that time under the Speedy Trial Act was excluded, and citing Rule 5.1 of the Federal Rules of Criminal Procedure and the Speedy Trial Act itself.  Docket Items 8, 11, 14, 16, 18, 20, 22, and 24.  None of those orders explicitly stated the reason why time was excluded, however.

After this Court recently observed at oral argument that the series of exclusion orders might not comply with Speedy Trial Act requirements, Docket Item 112 at 6-9, Judge Schroeder granted the government's request to amend his text orders.  Each of Judge Schroeder's text orders, including the 2023 modifications, now reads:

| 02/25/2020 | 8 | TEXT ORDER granting 7 Motion to Adjourn Rule 48(b) Dismissal as to Zachary Feeterman (1). The Criminal Complaint shall be dismissed without prejudice pursuant to Rule 48(b) of the Fed. R. Crim. P. effective 4/30/2020. The time from 2/28/2020 to 4/30/2020 is excluded for purposes of the Speedy Trial Act and Rule 5.1 of the Fed. R. Crim. P. pursuant to Title 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv). SO ORDERED. Issued by the Hon. H. Kenneth Schroeder Jr. on 2/25/2020.(LMG)[1:19-mj-00180-HKS] **This Text Order is hereby amended *nunc pro tunc* as follows: The Motion is granted for the reasons stated therein. Modified on 2/16/2023 to add additional language (LMG).** (Entered: 02/25/2020) |
| 04/27/2020 | 11 | TEXT ORDER granting 9 Motion to Adjourn Rule 48(b) Dismissal as to Zachary Feeterman (1). The Criminal Complaint shall be dismissed without prejudice pursuant to Rule 48(b) of the Fed. R. Crim. P. effective 6/30/2020. The time from 4/30/2020 to 6/30/2020 is excluded for purposes of the Speedy Trial Act and Rule 5.1 of the Fed. R. Crim. P. pursuant to |

| | | |
|---|---|---|
| | | Title 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv). SO ORDERED. Issued by the Hon. Hon. H. Kenneth Schroeder Jr. on 4/27/2020.(LMG)[1:19-mj-00180-HKS] **This Text Order is hereby amended *nunc pro tunc* as follows: The Motion is granted for the reasons stated therein. Modified on 2/16/2023 to add additional language (LMG)**. (Entered: 04/27/2020) |
| 06/25/2020 | 14 | TEXT ORDER granting 13 Motion to Adjourn Rule 48(b) Dismissal as to Zachary Feeterman (1). The Criminal Complaint shall be dismissed without prejudice pursuant to Rule 48(b) of the Fed. R. Crim. P. effective 8/31/2020. The time from 6/30/2020 to 8/31/2020 is excluded for purposes of the Speedy Trial Act and Rule 5.1 of the Fed. R. Crim. P. pursuant to Title 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv). SO ORDERED. Issued by the Hon. Hon. H. Kenneth Schroeder Jr. on 6/25/2020.(LMG)[1:19-mj-00180-HKS] **This Text Order is hereby amended *nunc pro tunc* as follows: The Motion is granted for the reasons stated therein. Modified on 2/16/2023 to add additional language. (LMG)** (Entered: 06/25/2020) |
| 08/25/2020 | 16 | TEXT ORDER granting 15 Motion to Adjourn Rule 48(b) Dismissal Date as to Zachary Feeterman (1). The Criminal Complaint shall be dismissed without prejudice pursuant to Rule 48(b) of the Fed. R. Crim. P. effective 10/16/2020. The time from 8/31/2020 to 10/16/2020 is excluded for purposes of the Speedy Trial Act and Rule 5.1 of the Fed. R. Crim. P. pursuant to Title 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv). SO ORDERED. Issued by the Hon. Hon. H. Kenneth Schroeder Jr. on 8/25/2020. (LMG)[1:19-mj-00180-HKS] **This Text Order is hereby amended *nunc pro tunc* as follows: The Motion is granted for the reasons stated therein. Modified on 2/16/2023 to add additional language. (LMG)** (Entered: 08/25/2020) |
| 10/09/2020 | 18 | TEXT ORDER granting 17 Motion to Adjourn Rule 48(b) Dismissal Date as to Zachary Feeterman (1). The Criminal Complaint shall be dismissed without prejudice pursuant to Rule 48(b) of the Fed. R. Crim. P. effective 11/20/2020. The time from 10/16/2020 to 11/20/2020 is excluded for purposes of the Speedy Trial Act and Rule 5.1 of the Fed. R. Crim. P. pursuant to Title 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv). SO ORDERED. Issued by the Hon. Hon. H. Kenneth Schroeder Jr. on 10/9/2020.(LMG)[1:19-mj-00180-HKS] **This Text Order is hereby amended *nunc pro tunc* as follows: The Motion is granted for the reasons stated therein. Modified on 2/16/2023 to add additional language. (LMG)** (Entered: 10/09/2020) |

| 11/13/2020 | 20 | TEXT ORDER granting 19 Motion to Adjourn Rule 48(b) Dismissal Date as to Zachary Feeterman (1). The Criminal Complaint shall be dismissed without prejudice pursuant to Rule 48(b) of the Fed. R. Crim. P. effective 1/22/2021. The time from 11/20/2020 to 1/22/2021 is excluded for purposes of the Speedy Trial Act and Rule 5.1 of the Fed. R. Crim. P. pursuant to Title 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv). SO ORDERED. Issued by the Hon. Hon. H. Kenneth Schroeder Jr. on 11/13/2020.(LMG)[1:19-mj-00180-HKS] **This Text Order is hereby amended *nunc pro tunc* as follows: The Motion is granted for the reasons stated therein. Modified on 2/16/2023 to add additional language. (LMG)** (Entered: 11/13/2020) |
|---|---|---|
| 01/15/2021 | 22 | TEXT ORDER granting 21 Motion to Adjourn Rule 48(b) Dismissal Date as to Zachary Feeterman (1). The Criminal Complaint shall be dismissed without prejudice pursuant to Rule 48(b) of the Fed. R. Crim. P. effective 2/26/2021. The time from 1/21/2021 to 2/26/2021 is excluded for purposes of the Speedy Trial Act and Rule 5.1 of the Fed. R. Crim. P. pursuant to Title 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv). SO ORDERED. Issued by the Hon. Hon. H. Kenneth Schroeder Jr. on 1/15/2021.(LMG)[1:19-mj-00180-HKS] **This Text Order is hereby amended *nunc pro tunc* as follows: The Motion is granted for the reasons stated therein. Modified on 2/16/2023 to add additional language. (LMG)** (Entered: 01/15/2021) |
| 02/17/2021 | 24 | TEXT ORDER granting 23 Motion to Adjourn Rule 48(b) Dismissal Date as to Zachary Feeterman (1). The Criminal Complaint shall be dismissed without prejudice pursuant to Rule 48(b) of the Fed. R. Crim. P. effective 3/26/2021. The time from 2/26/2021 to 3/26/2021 is excluded for purposes of the Speedy Trial Act and Rule 5.1 of the Fed. R. Crim. P. pursuant to Title 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv). SO ORDERED. Issued by the Hon. Hon. H. Kenneth Schroeder Jr. on 2/17/2021.(LMG)[1:19-mj-00180-HKS] **This Text Order is hereby amended *nunc pro tunc* as follows: The Motion is granted for the reasons stated therein. Modified on 2/16/2023 to add additional language. (LMG)** (Entered: 02/17/2021) |

Docket Items 8, 11, 14, 16, 18, 20, 22, and 24 (emphasis of amended language added).

In his motion to dismiss on Speedy Trial Act grounds, Feeterman maintained that he never consented to waive his preliminary hearing and to five of the eight adjournments of the Rule 48(b) date.  Docket Item 35 at 52-54; Docket Item 35-1; *see also* Docket Item 88.  He also provided examples of when he was not consulted and did

not consent to the adjournment of the Rule 48(b) deadline.  Docket Item 35-1 at ¶¶ 18-22.

## III.   INDICTMENT

The pre-indictment extensions of time did not result in the resolution that Feeterman's counsel hoped to achieve.  On March 24, 2021, a grand jury returned a two-count indictment charging Feeterman with (1) receipt of child pornography after a prior conviction related to sexual misconduct, in violation of 18 U.S.C. § 2252A(a)(5)(B) and 2252A(b)(1); and (2) possession of child pornography after a prior conviction for sexual misconduct, in violation of 18 U.S.C. § 2252A(a)(5)(B) and 2252A(b)(2).  Docket Item 25.  Because of Feeterman's prior conviction related to sexual misconduct, he now faces a 15-year mandatory minimum if convicted of the receipt charge and a 10-year mandatory minimum if convicted of the possession charge.  *See* 18 U.S.C. § 2252A(b).

At his arraignment on March 26, 2021, Feeterman addressed Judge Schroeder about a letter he had written to the court but that Judge Schroeder had not yet received.  Docket Item 92 at 3-4.  Feeterman told Judge Schroeder that he had not waived his preliminary hearing or consented to all the Rule 48(b) adjournments.  *Id*. at 4-6.  But Feeterman conceded that he had consented to the first three adjournments; in his words, "[a]nd I've only, honestly only consented to the first three where the framing and the wording was not about pushing off my speedy trial rights.  It was just having a little bit more time to work on the plea deal that was presented to me."  *Id*. at 6.

Feeterman also asked that new counsel be assigned, and an attorney appointment hearing was scheduled for April 7, 2021.  *Id*. at 8-9, 13.  New counsel was assigned on April 7, 2021, Docket minute entry April 7, 2021, and as noted above, on

May 17, 2021, new counsel filed omnibus pretrial discovery motions, motions to suppress evidence, and the motion to dismiss based on speedy trial violations, Docket Item 35. The government responded on May 28, 2021, Docket Item 37, and Feeterman replied on June 3, 2021, Docket Item 38. After Judge Schroeder heard oral argument, he scheduled an evidentiary hearing on Feeterman's motions to suppress. *See* Docket Item 39; Docket minute entry June 4, 2021. That hearing was held, and the parties filed post-hearing memoranda on January 10, 2022, Docket Items 61 and 62, and January 17, 2022, Docket Item 63.

## IV.   PRETRIAL MOTIONS UNDER ADVISEMENT

For purposes of the Speedy Trial Act, Feeterman's motions therefore were taken under advisement by Judge Schroeder on January 17, 2022, so Judge Schroeder had 30 days of automatically excluded time to decide them. *See* 18 U.S.C. § 3161(h)(1)(H); *United States v. Bert*, 814 F.3d 70, 78 (2d Cir. 2016). Because of the complexity of the motions, however, after 30 days passed Judge Schroeder issued an order excluding an additional 30 days from the Speedy Trial Act clock in the interest of justice. Docket Item 64. Over the next several months, on or before the thirtieth day after the prior order, Judge Schroeder issued similar orders. In each of the five successive orders Judge Schroeder stated:

> I have reviewed the defendant's motion papers, memoranda/affidavits, and the papers submitted on behalf of the government, in some detail and have made substantial progress toward a decision on the motions. It now appears that full consideration of the motions will take time beyond the 30 day advisement period. . . . Therefore, on the basis of my findings that the motions are complex, that the Court is currently engaged in an examination of the several issues presented by the motions, and further upon my findings that the interest of justice in a continuance overrides the defendant's and public's interest in a speedy trial, a continuance is granted pursuant to 18 USC § 3161(h)(7)(A).

Docket Items 64-68.  In other words, Judge Schroeder decided that to do justice to the complex issues in Feeterman's motions, the interest of justice required an exclusion of Speedy Trial Act time.

Judge Schroeder issued his Report, Recommendation and Order addressing Feeterman's motions to suppress on July 7, 2022.[3]  Docket Item 69.  But for some reason, that Report, Recommendation and Order did not also address the pending motion to dismiss based on alleged speedy trial violations.  *Id*.  And on October 19, 2022, during oral argument on Feeterman's objections to the Report, Recommendation and Order addressing the suppression issues, this Court learned that Feeterman's motion to dismiss remained undecided.

After being notified of the oversight, Judge Schroeder issued the RR&O on November 2, 2022, and recommended that the motion to dismiss for pre-indictment violations of the Speedy Trial Act be denied.  Docket Item 79.  Although he did not find a statutory Speedy Trial Act violation, Judge Schroeder noted that the 17-month delay between October 19, 2019,[4] and March 24, 2021—the date the indictment was returned—was presumptively prejudicial with respect to Feeterman's claim of a Sixth Amendment speedy trial violation.  *Id.* at 13.  But he nevertheless recommended denying the motion on constitutional grounds as well.  *Id.* at 13-16.

---

[3] As noted above, *see supra* at 2-3 & n.1, Feeterman objected to Judge Schroeder's July 7, 2022 Report, Recommendation and Order.  After extensive briefing and two oral arguments, this Court addressed those objections in a Decision and Order on February 8, 2023, Docket Item 105.

[4] This date should most likely be October 11, 2019, the date Feeterman made his initial appearance on the criminal complaint.

Feeterman timely objected to the RR&O, Docket Item 88, and the government responded, Docket Item 91.  As noted above, after this Court heard oral argument, additional submissions addressing the post-indictment delay were filed on January 23 and 26, 2023, Docket Items 101 and 102.  This Court then heard further argument regarding the post-indictment exclusions, granted permission for additional submissions, and received the last of those submissions on March 6, 2023, Docket Item 111.

## **DISCUSSION**

Feeterman urges this Court to dismiss the indictment because, all told, he has been held in pretrial detention for nearly three and one-half years.  Conversely, the government urges the Court to look at this case in two distinct time periods—the period of pre-indictment delay and the period of post-indictment delay.  The government is correct that to address the alleged statutory violation of the Speedy Trial Act, this Court must conduct a separate analysis for each period of delay, and it does so below.

But as Feeterman argues, the cumulative effect of the 17-month pre-indictment delay, the pendency of his pretrial motions for more than 14 months, and the fact that his motion to dismiss the indictment on speedy trial grounds apparently fell between the cracks all has resulted in substantial prejudice:  Feeterman has remained in pretrial detention in local jails for nearly three and one-half years during a global pandemic, and he has had to suffer with the anxiety of this case hanging over his head.  The case therefore raises real and substantial speedy trial issues, both statutory and constitutional.

I.     **SPEEDY INDICTMENT**

Once a suspect is arrested and charged in a criminal complaint, pre-indictment delay is governed by the Speedy Trial Act of 1974, which sets a 30-day limit to file the indictment or information.  *See* 18 U.S.C. § 3161(b).  Moreover, Federal Rule of Criminal Procedure 5.1 provides that unless a preliminary hearing for a defendant in custody is waived, the court must conduct that hearing within 14 days after the initial appearance.

Failure to indict within the 30-day period on a pending complaint has resulted in dismissal of the charge with prejudice.  *See United States v. Caparella*, 716 F.2d 976 (2d Cir. 1983) (complaint dismissed after 51 days due to failure to indict, subsequent misdemeanor information dismissed with prejudice).  But as with other Speedy Trial Act deadlines, the court may grant a continuance to extend the time to indict.  *United States v. Washington*, 48 F.3d 73, 77 (2d Cir. 1995) (45-day extension under 18 U.S.C. § 3161(h)(8)(B)(iii) "reasonably related to the needs of the case").

A.     **Consent**

In his motion to dismiss for speedy trial violations, Feeterman maintains that he never consented to waive his preliminary hearing or to five of the eight adjournments of the Rule 48(b) date.  Docket Items 35, 35-1, and 88.  In fact, in an affidavit submitted in support of his omnibus pretrial motions, Feeterman swears,

> 16. In addition, I wish to state that while I was represented by an assigned attorney, my case was adjourned on numerous occasions without my consent.

> 17. On October 16, 2019[,] my attorney, without consulting me, waived my right to a preliminary hearing.  He had not given me any advance warning that he was going to do so.

Docket Item 35-1 at ¶¶ 16-17.  Feeterman also gives other examples of when he was not consulted and did not consent to the adjournment of the Rule 48(b) deadline.  *Id*. at ¶¶ 18-22.  But Feeterman's consent was not necessary, and his argument fails for that reason.

For an "ends-of-justice" exclusion under the Speedy Trial Act, a defendant's consent is not required.  *See United States v. Lynch*, 726 F.3d 346, 355 (2d Cir. 2013) (noting that "the Speedy Trial Act 'does not require a defendant's consent to the continuance' in order for a judge to be able to grant a motion in furtherance of the ends of justice" (quoting *United States v. Stewart*, 628 F.3d 246, 254 (6th Cir. 2010))); *United States v. Palmer*, 2021 WL 1614837, at *4 (S.D.N.Y. Apr. 26, 2021); 18 U.S.C. § 3161(h)(7)(A); *United States v. Gates*, 2020 WL 6218707, at *15 (W.D.N.Y. Sept. 30, 2020) (rejecting argument that defendant's statutory speedy trial rights were violated when continuances were granted without his express consent), *report & recommendation adopted*, 2020 WL 6205814 (W.D.N.Y. Oct. 22, 2020); *United States v. Naseer*, 38 F. Supp. 3d 269, 275 n.8 (E.D.N.Y. 2014) ("Defense counsel can consent to a continuance without the client's approval." (citing *Lynch*, 726 F.3d at 354)); *see also United States v. Pair*, 515 F. Supp. 3d 400, 414 (E.D. Va. 2021) (rejecting similar argument and noting that "counsel acted on [defendant's] behalf and did not need his consent to move for a continuance").  So even accepting Feeterman's assertion, his lack of consent does not give rise to a Speedy Trial Act violation.  And that is especially so because, as noted above, his attorney had good reason to ask for the exclusion of time as he tried to negotiate a more favorable outcome.  So Feeterman is not entitled to relief based on his lack of consent.

### B.      Reasons for the Exclusion

Feeterman also challenges the exclusion of time based on the text orders and

the fact that they did not state the reasons for the exclusion.

### 1.      Interest-of-Justice Exclusion

The Speedy Trial Act provides for certain automatic exclusions, none of which

apply here.  But in addition to these automatic exclusions, a court may exclude time in

the interest of justice.  More specifically, 18 U.S.C. § 3161(h)(7)(A) provides that the

speedy trial clock does not run if, on a judge's own motion or on the motion of either

party,

> the judge grant[s a] continuance on the basis of his findings that the ends
> of justice served by taking such action outweigh the best interest of the
> public and the defendant in a speedy trial.  No such period of delay resulting
> from a continuance granted by the court in accordance with this paragraph
> shall be excludable under this subsection unless the court sets forth, in the
> record of the case, either orally or in writing, its reasons for finding that the
> ends of justice served by the granting of such continuance outweigh the
> best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).  "[I]n determining whether to grant [such] a continuance," the

Court "shall consider" certain factors, including "[w]hether the failure to grant such a

continuance in the proceeding would be likely to make a continuation of such

proceeding impossible, or result in a miscarriage of justice."  *United States v. Akhavan*,

523 F. Supp. 3d 443, 448 (S.D.N.Y. 2021) (alterations in original) (quoting 18 U.S.C. §

3161(h)(7)(B)(i)).  Likewise, the court should consider

> [w]hether the failure to grant such a continuance in a case which, taken as
> a whole, is not so unusual or so complex as to fall within clause (ii), would
> deny the defendant reasonable time to obtain counsel, would unreasonably
> deny the defendant or the [g]overnment continuity of counsel, or would deny
> counsel for the defendant or the attorney for the [g]overnment the
> reasonable time necessary for effective preparation, taking into account the
> exercise of due diligence.

15

18 U.S.C. § 3161(h)(7)(B)(iv).

### 2.    The Pre-Indictment Exclusions Here

Feeterman initially was charged in a one-count criminal complaint, and as discussed at length at his detention hearing, Feeterman's counsel asked Judge Schroeder to forgo his usual policy and to set a deadline to indict by using Federal Rule of Criminal Procedure 48(b).  Docket Item 44 at 23-25.  Judge Schroeder agreed to that request, in part because of the government's plea policy and the 15-year mandatory minimum Feeterman would face if he pleaded guilty after an indictment.  *Id.* at 25-26.  In agreeing to set a Rule 48(b) dismissal date, Judge Schroeder addressed the public's right to a speedy trial and acknowledged the Second Circuit's recent decisions in *United States v. Tigano*, 880 F.3d 602 (2d Cir. 2018), and *United States v. Black*, 918 F.3d 243 (2d Cir. 2019), as well as its 2008 decision in *United States v. Oberoi*, 547 F.3d 436 (2d Cir. 2008).  Docket Item 44 at 23-24.[5]

After convincing Judge Schroeder to set a Rule 48(b) deadline, Feeterman's counsel sought eight separate extensions of that deadline—from February 28, 2020, until March 26, 2021.  Docket Items 7, 9, 13, 15, 17, 19, 21, and 23.  In each of his motions, Feeterman's counsel explained the status of plea negotiations and noted complications associated with the COVID-19 pandemic; in each motion, he specifically agreed that "the intervening time should be excluded under the Speedy Trial Act."  *Id*.  Judge Schroeder granted each motion, citing 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv), *see* Docket Items 8, 11, 14, 16, 18, 20, 22, and 24, and the final Rule 48(b)

---

[5] The transcript incorrectly calls the "*Oberoi*" case "*Overwrite*."

deadline was set for March 26, 2021.  As noted above, however, the extensions did not explicitly state the court's "reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *See* 18 U.S.C. § 3161(h)(7)(A).

### 3.    The Sufficiency of the Exclusions

If a judge "fails to make the requisite findings regarding the need for an ends-of-justice continuance, . . . and if as a result the trial does not begin on time, the indictment or information must be dismissed."  *Zedner v. United States*, 547 U.S. 489, 508 (2006).  Because of the open-ended nature of the ends-of-justice exclusion, the court must indicate before granting the continuance "that it is doing so upon a balancing of the factors specified by section 3161(h)(8) [renumbered (h)(7) in 2008,]" though the "precise reasons" need not be stated before continuing the case.  *United States v. Tunnessen*, 763 F.2d 74, 78 (2d Cir. 1985) (dismissing indictment without prejudice because district court set trial date outside 30-day speedy trial deadline without making prospective ends-of-justice findings).  Otherwise, judges may simply rationalize their actions "long after the fact, in order to cure an unwitting violation of the Act."  *Id.*; *see also Lynch*, 726 F.3d at 354 n.5 (reiterating the court's encouragement of simultaneous, on-the-record findings for the continuance as a "best practice").

Relying principally on *Zedner* and *United States v. Breen*, 243 F.3d 591 (2d Cir. 2001), the government argues that "a subsequent ends of justice finding will be sufficient to exclude time under the [Speedy Trial Act] if it is made before a decision on a motion to dismiss."  Docket Item 111 at 4.  In support of its argument, the government quotes *Zedner*, 547 U.S. at 506-07:

The Act requires that when a district court grants an ends-of-justice continuance, it must "se[t] forth, in the record of the case, either orally or in writing, its reasons" for finding that the ends of justice are served and they outweigh other interests.  18 U.S.C. § 3161(h)(8)(A).  Although the Act is clear that the findings must be made, if only in the judge's mind, before granting the continuance (the continuance can only be "granted . . . on the basis of [the court's] findings"), the Act is ambiguous on precisely when those findings must be "se[t] forth, in the record of the case."  However this ambiguity is resolved, at the very least the Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss under § 3162(a)(2).

Docket Item 111 at 4 (alterations in original).  Therefore, the government argues, even if the exclusion orders were insufficient before they were amended to include the explicit reasons for the exclusion of time, the recent amendments to those orders were timely and sufficient.  *Id.* at 4-5.

There is no question that each of Feeterman's motions gave Judge Schroeder good reason to extend the Rule 48(b) deadline and exclude time.  And there is no question that even though Feeterman remained in pretrial detention during a global pandemic, the extensions were for his potential benefit so that the parties could continue to negotiate a more favorable pre-indictment resolution.  But there also is no question that Judge Schroeder did not explicitly state his reasons for excluding time when he granted each motion to exclude time.  So the question is whether the orders were sufficient to comply with the requirements of the Speedy Trial Act.  And for two reasons, this Court finds that they were.

First, Judge Schroeder's pre-indictment text orders incorporated the defendant's motions to adjourn, and the reasons provided in those motions necessarily were part of Judge Schroeder's reasoning.  Certainly, Feeterman and his attorney knew that Judge Schroeder was excluding time for the reasons given in the motions.  And to find

18

otherwise—to find a violation simply because the judge did not state the obvious by reciting some magic words—would elevate form over substance for no good reason.

What is more, Judge Schroeder's amendment of the orders, while certainly belated, was not an after-the-fact rationalization meant "to cure an unwitting violation of the Act." *See Tunnessen*, 763 F.2d at 78. Rather, it was an unnecessary clarification of what already was obvious: that Judge Schroeder granted the motions for the reasons stated in the motions. As the Supreme Court said in *Zedner*, "the Act is clear that the findings must be made, *if only in the judge's mind*," when the time is excluded. 547 U.S. at 506-07 (emphasis added). Here, Judge Schroeder indeed made those findings in his own mind when he excluded the time, and his later clarification only made that explicit. And because Judge Schroeder put his "findings . . . on the record by the time [this C]ourt rule[d] on [the] defendant's motion to dismiss," *see id.*, his clarification corrected any technical error in his prior orders.

All that is not to say that the orders excluding pre-indictment time should be templates for future use. *See Lynch*, 726 F.3d at 354 n.5 (reiterating the court's encouragement of simultaneous, on-the-record findings for the continuance as a "best practice"). In fact, when excluding time in the interest of justice, judges should strive to be clear about what those interests are, and they should do so when the time is excluded. But here, both because those reasons were obvious and because the magistrate judge explicitly stated the obvious before this Court ruled on the defendant's motion to dismiss, the pre-indictment exclusions of time did not violate the Speedy Trial Act.

## II.    POST-INDICTMENT DELAY

At his arraignment on March 26, 2021, Feeterman asked that new counsel be assigned.  Docket minute entry March 26, 2021.  New counsel was assigned on April 7, 2021, Docket minute entry April 7, 2021, and omnibus pretrial motions, as well as motions to suppress and to dismiss based on speedy trial violations, were filed on May 17, 2021, Docket Item 35.  After an evidentiary hearing on the motions to suppress; numerous extensions of time at the request of defense counsel, Docket Items 49, 52, 54, 56, 58; and the filing of post-hearing memoranda, the motions were taken under advisement in January 2022.

Over the next six months, the court issued a series of orders excluding time in 30-day increments.  Docket Items 64-68.  Each order is identical: each stated that although the court had made "substantial progress toward a decision on the motions[,] . . . full consideration of the motions will take time beyond the 30[-]day advisement period."  *Id.*  In other words, each order found that because the motions were complex and the court needed more time to decide them, a continuance under 18 U.S.C. § 3161(h)(7)(A) was warranted.  Each order also included an admonition:

> This order "puts defense counsel on notice that the speedy trial clock has been stopped," and it ensures that, "[i]f for any reason counsel believes that [an exclusion] is inappropriate, an objection may be raised and a record made" of the objection.  *United States v. Tunnes[s]en*, 763 F.2d 74, 78 (2d Cir. 1985); *see also United States v. Kiszewski*, 877 F.2d 210, 215 (2d Cir. 1989) (prosecutors are responsible along with the court in paying attention to *Tunnes[s]en*).

Docket Items 64-68.  Despite those admonitions, neither side objected to the exclusions of time.  *See generally* Docket Items 64-69 (orders excluding time with no intervening objections).

In the Second Circuit, such exclusions of time clearly are permitted.  In *United States v. Bufalino,* 683 F.2d 639, 644-45 (2d Cir. 1982), the court noted that the 30-day limitation of "subsection (J)" gives courts only 30 days of automatically excluded time to decide motions and thus "places a burden on district judges to decide motions rapidly." But the court then immediately observed that "should the 30-day limit place an unduly harsh burden on a trial judge, *it is always open to him to find that the interest of justice is best served by granting a continuance . . . for the excess period.*"  *Id.* at 645 (emphasis added).  So the Second Circuit has explicitly found that judges can exclude the additional time needed to decide motions as long as they do so prospectively and on the record.

More recently, in *Bert*, the court addressed whether a clear violation of the Speedy Trial Act—a motion that fell between the cracks for eleven months with no action at all—should result in a dismissal with or without prejudice.  814 F.3d 70.  In urging the latter, Judge Jacobs, concurring in part and dissenting in part, noted that the error might easily have been corrected by a series of extensions:  "The majority misconstrues the cause of the violation, which is not delay itself, but the failure to make periodic findings that the delay needed to decide Bert's suppression motion was in the interest of justice.  Those findings are the only robotic incantations required by our law." *Id.* at 90.

So there is no doubt that courts may use an interest-of-justice exclusion to prospectively extend the time necessary to decide a motion.  Because that is exactly what was done here, and because Judge Schroeder invited counsel to object to the

exclusions of time but no objections were raised, there was no statutory Speedy Trial Act violation.[6]

Of course, by excluding time in a series of orders, a judge might make the Speedy Trial Act meaningless simply by extending time forever.  And asking defense counsel to object to a judge's exclusion of time in the interest of justice may ask too much.  In fact, the Second Circuit also has held that the onus is on the government and the court—not defense counsel—to ensure that the strictures of the Speedy Trial Act are met.  *See Black*, 918 F.3d at 253-54.  So while there clearly comes a point when a series of extensions like those in this case will violate the Speedy Trial Act, the question is how many extensions are too many extensions.

This Court need not and does not answer that question here.  Judge Schroeder clearly believed that five extensions were necessary here, and given the complexity of the suppression issues, this Court has no reason to revisit that judgment.[7]  In *Bert*, Judge Jacobs seemed to suggest that eleven extensions would not have been too many.  Regardless, if the Speedy Trial Act is to mean anything, everyone in the court system—including judges and counsel—must honor it both by the letter of the law and by what it is designed to accomplish.

---

[6] In a case decided in 2007, Hon. Richard J. Arcara of this Court found that a series of identical orders of exclusion were sufficient absent an objection by either side. *United States v. Cain*, 2007 WL 119292 (W.D.N.Y. Jan. 10, 2007).

[7] Indeed, after a lengthy hearing, defense counsel requested and was granted several extensions to brief that motion, *see* Docket Items 52-59, and more than three months passed between the conclusion of the hearing and the filing of memoranda of law, *see* Docket minute entry September 30, 2021; Docket Items 61 and 62.

In sum, while both the pre-indictment and post-indictment exclusions of time raise thorny statutory issues, neither set of exclusions violated the Speedy Trial Act. But that does not end the inquiry. Even more troubling to this Court is the fact that Feeterman has been detained for more than three years while awaiting trial. And that raises a third thorny issue: whether Feeterman's constitutional right to a speedy trial has been violated.

## III.     SIXTH AMENDMENT SPEEDY TRIAL VIOLATION

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. The right to a speedy trial primarily protects three interests of criminal defendants: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Barker v. Wingo*, 407 U.S. 514, 532 (1972). "[T]he government and the court share the burden of bringing criminal cases to trial promptly." *United States v. Green*, 2018 WL 786185, at *7 (W.D.N.Y. Feb. 8, 2018) (citing *United States v. New Buffalo Amusement Corp.*, 600 F.2d 368, 378 (2d Cir. 1979) and *United States v. Vispi*, 545 F.2d 328, 334 (2d Cir. 1976)), *aff'd*, 918 F.3d 243 (2d Cir. 2019).

Recognizing that "[i]t is . . . impossible to determine with precision when the right has been denied," *Barker,* 407 U.S. at 521, in *Barker*, the Supreme Court listed four factors for courts to consider in deciding whether a defendant's right to a speedy trial under the Sixth Amendment has been violated: (1) the "[l]ength of delay"; (2) "the reason for the delay"; (3) "the defendant's assertion of his right"; and (4) the "prejudice to the defendant," *id.* at 530; *Black*, 918 F.3d at 254. "Although unusual, it is possible

23

for a delay that does not violate the [Speedy Trial Act] to run afoul of the Sixth Amendment's guarantee of a speedy trial." *United States v. Stone*, 2006 WL 436012, at *6 (E.D.N.Y. Feb. 22, 2006); *see also United States v. Pennick*, 2016 WL 4089192, at *4-8 (W.D.N.Y. Aug. 2, 2016) (after delay of more than six years, finding constitutional violation in absence of statutory violation and dismissing indictment with prejudice), *aff'd*, 713 F. App'x 33 (2d Cir. 2017); *Green*, 2018 WL 786185, at *6-9 (after delay of 68 months, finding constitutional violation in absence of statutory violation and dismissing indictment with prejudice).

In his RR&O addressing Feeterman's motion under the Speedy Trial Act, Judge Schroeder found that the 17-month pre-indictment delay was presumptively prejudicial under the first *Barker* factor.  Docket Item 79 at 13.  In considering the other three *Barker* factors, however, Judge Schroeder reasoned that the delay inured to the defendant's benefit because defense counsel was attempting to negotiate a favorable resolution of the case; that the COVID-19 pandemic contributed to the delay and made it difficult for Feeterman to consult with his counsel; and that the defendant had asked his counsel to investigate his prior conviction and whether it in fact subjected him to a mandatory minimum penalty.  *Id.* at 13-15.  In sum, Judge Schroeder concluded that "[b]y delaying the return of an indictment, the defendant was given a substantial benefit, *i.e.*, a possible lesser sentence of incarceration pursuant to a negotiated plea agreement with the government."  *Id.* at 14.  For those reasons, Judge Schroeder decided that there was no Sixth Amendment pre-indictment speedy trial violation.

This Court's Sixth Amendment analysis must go a step further and factor in the time that it took to address and decide Feeterman's motions to suppress and dismiss.

That issue was not raised in the speedy trial motion before Judge Schroeder or addressed in any detail until this Court requested further briefing after oral argument. *See* Docket Item 94.  In any event, this Court now is faced with a defendant who raised speedy trial issues nearly two years ago but is still detained awaiting trial.

First, this Court agrees with Judge Schroeder that the 17-month pre-indictment delay was presumptively prejudicial.  So there is no question that the considerably longer delay now—more than double 17 months and approaching three and one-half years—easily satisfies the *Barker* threshold.  The reasons for the delay, however, are largely due to counsel's attempt to negotiate a favorable resolution and to resolving the difficult issues raised in the defendant's suppression motions—issues that required a lengthy evidentiary hearing and considerable time to brief.  Moreover, the pandemic— no fault of either side or the court, of course—undoubtedly contributed to the delay in a significant way.

On the other hand, Feeterman first raised the speedy trial issue in his pretrial omnibus motions filed on May 17, 2021, and the prejudice to him has been considerable.  For more than three years, he has been detained in local jails during a global pandemic with the anxiety of a 15-year mandatory minimum sentence hanging over his head.

Although the question is a close one, this Court finds that the delay here did not violate Feeterman's constitutional right to a speedy trial.  The delay was indeed long and presumptively prejudicial, but it was not as long as those found by the Second Circuit to constitute constitutional violations in *Black* and *Tigano*.  *See Black*, 918 F.3d at 266 (affirming dismissal of indictment because defendants' speedy trial rights were

violated by delay of five years and eight months); *Tigano*, 880 F.3d at 619 (dismissing indictment because nearly seven years in pretrial detention violated defendant's Sixth Amendment right to speedy trial); *see also Pennick*, 2016 WL 4089192, at *4-8 (delay of more than six years).  The reasons for the delay largely benefitted Feeterman's ability to negotiate a more favorable outcome; resulted from the time needed to address, brief, and resolve the difficult issues raised by his motions; or were caused by a once-in-a-lifetime pandemic.  A date—in fact the earliest date this Court could set from the defendant's perspective—was set for his trial.  *See* Docket Item 77.  And while that date was adjourned—at Feeterman's request, Docket Item 99—to address this motion, *see* Docket Item 100, it can and will be rescheduled as soon as possible.

For all those reasons, this is not the "unusual" case where the Speedy Trial Act is honored but the defendant's constitutional right to a speedy trial nevertheless was abridged.  *See Stone*, 2006 WL 436012, at *6.  Feeterman's Sixth Amendment right to a speedy trial has not been violated.  And this Court will ensure that Feeterman's case proceeds to trial as soon as possible.

## CONCLUSION

This is a difficult case for a number of reasons.  It presented the magistrate judge and this Court with challenging suppression issues.  It now presents this Court with a close call on an issue of constitutional magnitude.  And its pendency has coincided with an unprecedented pandemic that caused immeasurable hardship and heartache, that undoubtedly delayed the proceedings here, and that made the defendant's time in custody all the more difficult.

All things considered, however, this Court cannot say that the defendant's statutory or constitutional right to a speedy trial was violated.  And for that reason, the defendant's motion to dismiss is denied.

SO ORDERED.


Dated:   April 5, 2023
         Buffalo, New York


_____
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE